SETHNESS Co. *v.* HOME ADE BOTTLING COMPANY ET AL.

[71 South. 308.]

SALES. *Delivery to carrier. Liability for price.*

> Where defendant directed plaintiff by written order to ship to it at Jackson, Mississippi, from Chicago, the goods sued for, and plaintiff acting on this order promptly shipped the goods to defendant by delivering the same to a common carrier for transportation and delivery to defendants, and duly notified defendant of the shipment by mailing to it the acceptance of the order, invoice of the goods, and the railroad bill of lading and the goods were destroyed in the hands of the railroad at Jackson, Mississippi; in such case defendant was liable to plaintiff for the price of the goods since the delivery to a common carrier is a delivery to the consignee and even though defendant failed to receve notice of the shipment this did not relieve it from liability to plaintiff.

APPEAL from the circuit court of Hinds county.

HON. E. L. BRIEN, Judge.

Suit by Sethness Company against the Home Ade Bottling Company and others. From a judgment for defendants, plaintiff appeals.

Appellant is a manufacturing chemist of Chicago, Ill. Appellees ordered a shipment of merchandise from appellant. The goods were delivered to the Illinois Central Railroad Company at Chicago, Ill., and shipped to Jackson, Miss., where they were destroyed by fire before delivery to appellees. Appellees advised appellant that the goods had been destroyed and appellant dupicated the order. Appellees returned the second order to the appellant, advising the appellant that they had ordered elsewhere. Appellant gave appellees credit back for the second shipment and brought suit on open account for the first shipment. Appellees deny liability upon the grounds that the goods were never delivered. On the trial the case was submitted to a jury, who found for the defendants.

*R. H. & J. H. Thompson,* for appellant.

*Watkins & Watkins,* for appellee.

HOLDEN, J., delivered the opinion of the court.

From a judgment in favor of the appellees in the circuit court of Hinds county, the appellant appeals.

The undisputed evidence in this record discloses that the appellees, defendants in the court below, directed the appellant by written order to ship to appellees at Jackson, Miss., from Chicago, the goods sued for in this case, and that the appellant, acting upon this written order, promptly shipped the goods to appellees by delivering the same to a common carrier, the Illinois Central Railroad Company, f. o. b. at Chicago, for transportation and delivery to appellees at Jackson, Miss., which shipment, it seems, was not received by the appellees, on account of the goods having been destroyed by fire at Jackson while in the hands of the railroad company. It is further shown that the appellant duly notified appellees of the shipment by mailing to them the acceptance of the order, invoice of the goods, and the railway bill of lading. The appellees, however, deny, in a very unsatisfactory way, receiving any notice of the shipment.

Under this state of facts, the appellees were clearly liable for the purchase price of the goods. It is well settled law that a delivery to a common carrier is a delivery to the consignee. The appellant, acting under the written instructions of appellees, shipped the goods and did everything required of it; and, even though appellees failed to receive notice of the shipment, this did not relieve them of liability to the appellant. If the appellees have any right of redress at all, it would be against the arilroad company for the loss of the goods. The judgment of the lower court is reversed, and judgment entered here for the appellant for the amount of its claim.

*Reversed, and judgment here.*